**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL BUTCAVAGE,

Plaintiff,

-v- 9:25-CV-1000 (AJB/CBF)

COUNTY OF OSWEGO *et al.*,

Defendants.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

This is a counseled civil rights case. It was initially filed in Supreme Court, Oswego County. *See* Dkt. No. 2. But defendants removed the action to federal court because the pleading alleged a 42 U.S.C. § 1983 claim. Dkt. No. 1. Thereafter, defendants answered, Dkt. No. 4, the parties participated in a Rule 16 conference with the assigned magistrate judge, *see* Dkt. No. 6, and, at least as of December 12, 2025, paper discovery seemed to be moving forward at a normal pace, *see* Dkt. No. 8.

Come to find out it wasn't. On May 28, 2026, defendants filed a letter seeking a discovery conference. Dkt. No. 10. There, defendants explained that plaintiff's counsel had yet to respond to their discovery demands, which had been served on August 7, 2025. *Id*. Newly assigned U.S. Magistrate Judge Carla B. Freedman promptly held a status conference. Dkt. No. 12. There, Judge Freedman extended certain deadlines and, based on her discussion with the parties, gave plaintiff's counsel twenty days in which to serve a proposed amended complaint. *Id*.

Plaintiff's counsel failed to comply. On July 14, 2026, a couple weeks after the initial deadline in which to do so expired, Judge Freedman *sua sponte* extended the time period for an

extra week. Dkt. No. 13. But plaintiff's counsel failed to comply with that deadline, too. On July 24, 2026, a few days after the revised deadline expired, Judge Freedman *sua sponte* extended the deadline another week. Dkt. No. 14. And this time, she cautioned plaintiff that his failure to comply "may result in sanctions including, but not limited to, dismissal of the action for a failure to prosecute and failure to follow Court orders." *Id.* Plaintiff blew the deadline again. So on August 4, 2026, Judge Freedman gave defendants leave to file a motion to dismiss. Dkt. No. 15.

On August 31, 2026, defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 41(b). Dkt. Nos. 16, 17. Plaintiff has failed to respond, and the time period in which to do so has expired. *See* Dkt. No. 17 (setting plaintiff's opposition deadline for September 21, 2026). The motion will be considered on the basis of the available submissions without oral argument.

Under Rule 41 of the Federal Rules of Civil Procedure, a trial court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (explaining that "these rules" includes the Federal Rules and a district's local rules of practice). The outright dismissal of a case is a "harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Even so, the authority to dismiss an action that a litigant has failed to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 683 F.3d 37, 42 (2d Cir. 1982).

To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh five factors:

(1) whether the plaintiff "caused a delay of significant duration";

> (2) whether the plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Measured against this general legal standard, defendants' motion to dismiss must be granted. First, plaintiff has caused a significant delay. Although the parties exchanged initial disclosures, plaintiff never responded to defendants' discovery demands, which were propounded on August 7, 2025. *See* Dkt. No. 10. And after Judge Freedman held a status conference to try to get the case back on track, plaintiff's counsel blew a series of additional deadlines that she had set and then reset: on June 29, 2026, on July 20, 2026, and on July 31, 2026. Dkt. Nos. 12, 13, 14.

Thus, as of October 2026, more than a year of delay—first from outstanding discovery responses; later from repeated non-compliance with Court-ordered deadlines—is attributable to plaintiff's counsel's inaction. While short delays generally do not weigh in favor of dismissal, our Local Rules recognize that a delay of four months is "presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), and courts regularly find that this factor weighs in favor of dismissal where, as here, the delay has stretched beyond a few months, *see, e.g.*, *Rouse v. Transworld Sys., Inc.*, 811 F. Supp. 3d 400, 406 (E.D.N.Y. 2025) (collecting cases).

Second, plaintiff has been given notice and warning that continued delay would result in dismissal. As noted *supra*, Judge Freedman cautioned plaintiff that his failure to comply with the

revised deadline "may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute and failure to follow Court orders." Dkt. No. 14. The Court's ECF records show that plaintiff's counsel of record is active in the system as a "Filing User" who has electronic filing access to this Court within the meaning of General Order 22. The Court's ECF receipt for the cautionary text order entered by Judge Freedman shows that notice was electronically mailed to the e-mail address associated with plaintiff's counsel's Filing User account. And the Court's Local Rules make clear that documents filed on ECF constitute good service on case participants who receive ECF filings. N.D.N.Y. L.R. 5.1(a).

This is all a long-winded, hyper-technical way of saying what should be obvious: plaintiff's counsel is an attorney who practices in this jurisdiction and is therefore registered to send and receive electronic notices in this case through the Court's ECF system (indeed, there is no indication that plaintiff's counsel failed to receive previous notifications sent this way, such as the text notice scheduling the video conference before Judge Freedman). So plaintiff was on notice.

Third, defendant is likely to be prejudiced by further delay. The operative pleading alleges claims arising from events that occurred on March 24–26, 2024. Dkt. No. 2. The action was removed to this Court on July 28, 2025, over a year later. Dkt. No. 1. And defendants' discovery demands from August of 2025 still remain outstanding another a year later, since it is October of 2026 as of this writing. *See* Dkt. No. 16 at 9. The simple passage of time—well two years and counting at this point—makes a claim harder to investigate and defend. But courts are also willing to presume some level of prejudice where, as here, "the delay was lengthy and inexcusable." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (quoting *Norden Sys., Inc.*, 375 F.3d at 256).

Fourth, the Court's need to keep cases on the docket moving along outweighs plaintiff's interest in receiving a further chance to be heard. Although plaintiff's failure to prosecute comes in the form of non-responsiveness (as opposed to vexatious or burdensome conduct), "the Court has a strong interest in managing its docket and cannot indefinitely wait for [plaintiff] to turn his attention to this case." *Pena v. Zazzle, Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). After all, plaintiff is represented by counsel, who has an ethical obligation to protect his client's interests. Under these circumstances, the Court is unwilling to permit this case to further stagnate.

Fifth and finally, there is no indication that some lesser sanction would be effective. Plaintiff's counsel has been unresponsive to Judge Freedman's prior orders. A lesser sanction than dismissal would necessarily come in the form of a further court order and would be just as likely to be ignored as the entries at Dkt. Nos. 12, 13, and 14.

In sum, the relevant factors weigh strongly in favor of dismissal with prejudice for failure to prosecute this action or comply with court orders. Accordingly, defendant's motion to dismiss on this basis will be granted.

Therefore, it is

ORDERED that

1. Plaintiff's motion to dismiss (Dkt. No. 16) is GRANTED; and

2. Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: October 15, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge